# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph L. Dixon,<br>　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　Respondents. | No. CV-15-00510-TUC-DCB (BPV)<br>**ORDER** |

This matter was referred to Magistrate Judge Bernardo P. Velasco on October 27, 2015, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On March 30th, 2018, Magistrate Judge Velasco issued a Report and Recommendation (R&R). The Court adopts his recommendation to deny and dismiss the Petition for a Writ of Habeas Corpus (the Petition).

A jury convicted Petitioner of 24 counts of sexual exploitation of a minor relating to his possession of 24 images of child pornography. Each of Petitioner's 24 counts carries a minimum 10-year prison term under Arizona's Dangerous Crimes Against Children ("DCAC") sentencing statute. Petitioner was sentenced to 24 consecutive 10-year sentences. Petitioner sought relief on direct appeal.

The appellate court denied Petitioner's claims for relief.. On July 8 2013, the Arizona Supreme Court denied a request for review. Before concluding his direct appeal,

Petitioner initiated a post-conviction relief ("PCR") proceeding pursuant to Rule 32.2, Ariz.R.Crim.P. The trial court summarily denied Petitioner's PCR motion. On September 8 2014, the appellate court granted review but denied relief. Petitioner did not seek review from the Arizona Supreme Court, and the mandate issued on November 20, 2014.

On October 27, 2015, Petitioner filed the Petition, pursuant to 28 U.S.C. § 2254, which is fully briefed, ready for disposition, and the subject of the R&R. The Magistrate Judge recommends that Grounds Two, Three and Four of the Petition be dismissed because they are procedurally defaulted. The Magistrate Judge also recommends that Ground One be dismissed as procedurally defaulted, except for Petitioner's claim pertaining to defense counsel's failure to challenge the search of Petitioner's computer. He recommends the claim challenging the computer search be dismissed on the merits. Therefore, the Petitioner cannot establish his defense counsel's failure to file a motion challenging the search of the computer was objectively unreasonable. "Nor does Petitioner establish prejudice given that any such challenge lacked merit." (R&R (Doc. 24) at 23.)

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to the R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner, and the parties' briefs considered by the Magistrate Judge in deciding the habeas Petition.

## OBJECTIONS

Petitioner objects to the Magistrate Judge's conclusion that his claims are procedurally defaulted because "ineffective assistance of counsel had been the main contention thru out (sic) these appeals." (Objection (Doc. 25) at 1.) It is not enough that any claim of ineffective assistance of counsel claim was raised in state court. The same ineffective assistance of counsel claim raised here must have been raised there. The Petitioner alleges that the prosecutor interrupted Petitioner's defense attorney in closing arguments, causing her to lose her train of thought, resulting in "the jury hearing evidence

from the prosecutor and virtually none from the defense." (Objection (Doc. 25) at 4.) The Court has reviewed the state PCR and confirms that the Magistrate Judge correctly found that these facts are absent from Petitioner's ineffective assistance of counsel claim raised in the state courts. It is not enough that any claim of ineffective assistance of counsel was raised in state court; the same ineffective assistance of counsel claim raised here must have been raised there. The ineffective assistance of counsel claim against defense counsel for allegedly omitting evidence from her closing argument is procedurally barred.

Petitioner misapplies the Magistrate Judge's analysis related to "fair-minded jurists" to argue that the guilty verdict was a miscarriage of justice. Instead, the Magistrate Judge was describing the deferential standard under the AEDPA: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as a 'fair-minded jurist could disagree' on the correctness of the state court's decision." (R&R (Doc. 24) at 18 (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)). In other words, fair-minded jurists would have to all agree the state appellate court's determination on the merits was incorrect.

The Magistrate Judge found that the state appellate court correctly applied *Strickland* and rejected the Petitioner's challenge to the search of his computer. Likewise, the Magistrate Judge found that the state court's decision on the search warrant issue was not contrary to, nor involved an unreasonable application of, clearly established Federal law." (R&R (Doc. 24) at 23.) This Court agrees with the Magistrate Judge. In short, the state court's decision on the merits, which denied Petitioner's challenge to the search of his computer, is determinative.

Any relief from procedural default based on arguments that there has been a fundamental miscarriage of justice is limited to a constitutional violation that resulted in

- 4 -

the conviction of a person who is actually innocent. To be credible, the constitutional claim of error must be supported by new reliable evidence of actual innocence. (R&R (Doc. 24) at 9 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008). Petitioner's argument that there was a fundamental miscarriage of justice because fair minded jurists would not have agreed he was guilty does not support a claim of actual innocence.

The Petitioner's objections do not contain any other arguments relevant to the Magistrate Judge's recommendation that the Petition be dismissed as procedurally barred.

## CONCLUSION

After de novo review of the Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending habeas petition. The Court adopts the R&R, and for the reasons stated in it, the Court denies the Petition for Writ of Habeas Corpus.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 24) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, because the Petitioner failed to make a substantial

showing of the denial of a constitutional right, and reasonable jurists would not find the Court's procedural rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of June, 2018.

_____
Honorable David C. Bury
United States District Judge